# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHARI L. LINDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 14 C 1106 |
| v. ) | |
| ) | Magistrate Judge |
| CAROLYN W. COLVIN, Acting ) | Maria Valdez |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Shari L. Lindo's claims for Disability Insurance Benefits and Disabled Widow's Benefits. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Lindo's motion for summary judgment [Doc. No. 11] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 19] is denied.

## PROCEDURAL HISTORY

On May 2, 2011, Lindo filed her disability claims, alleging disability due to migraines since August 16, 2010. Her past relevant work includes jobs as a school health assistant/office assistant and a nurse's assistant. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on September 5, 2012.

Plaintiff personally appeared and testified at the hearing and was represented by counsel. Vocational expert Edward Pagella also testified.

On September 24, 2012, the ALJ denied Plaintiff's claims for both Disability Insurance Benefits and Disabled Widow's Benefits, finding her not disabled under the Social Security Act. After noting that Lindo met the insured status requirements through December 13, 2015,[1] the ALJ proceeded through the five-step sequential evaluation process required by Social Security regulations. *See* 20 C.F.R. § 404.1520 and 416.902(a). At step one, the ALJ found that Lindo had not engaged in substantial gainful activity since August 16, 2010, her alleged onset date. At step two, the ALJ found that Plaintiff had the severe impairment of migraine headaches and a non-severe impairment of anxiety disorder. The ALJ determined at step three that her impairment did not meet or medically equal the severity of a listed impairment. *See* C.F.R. Part 404, Subpt. P, App. 1.

Before step four, the ALJ found that Lindo had the residual functional capacity ("RFC") to perform medium work, subject to limitations against climbing ladders, ropes, and scaffolds; no more than occasional stooping and crouching; and no concentrated exposure to hazards. Based on this RFC, the ALJ found that Plaintiff could perform her past relevant work as a health assistant/office assistant, leading to a finding that she was not disabled under the Social Security Act.

The Social Security Administration Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and,

---

[1] The ALJ also found that she met the requirements for Disabled Widow's Benefits, with the prescribed period ending February 28, 2013.

2

therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## DISCUSSION

I. **JUDICIAL REVIEW**

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a claimant, "he must build an

accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994); *see Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence.").

## II. ANALYSIS

Plaintiff argues that the following errors in the ALJ's analysis warrant remand: (1) he failed to follow the treating physician rule; (2) Lindo's mental impairments were incorrectly found to be non-severe; and (3) he did not properly evaluate her credibility.

Plaintiff asserts that the ALJ failed to follow the "treating physician rule" by not appropriately weighing the opinion of her treating physician, Dr. Merle Diamond, a headache specialist. An ALJ must give controlling weight to a treating physician's opinion if the opinion is both "well-supported" and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must also "offer good reasons for discounting" the opinion of a treating physician. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); *Scott*, 647 F.3d at 739. And even if a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308. The regulations require the ALJ to consider a variety of factors, including: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See id.*

Dr. Diamond had treated Plaintiff since 1997, but the treatment increased in June 2010, when she reported weekly headaches. Lindo was diagnosed with chronic migraine without aura. As of August 2010, when she asked Dr. Diamond for a letter

5

in support of her disability claim, she reported migraines occurring about twice a week. She stated that the headaches affected her ability to concentrate and focus, and medication previously prescribed was not helping. Lindo did report occasional improvement from medication in November 2010, but she still had two headaches per week, lasting all day.

Plaintiff told Dr. Diamond in December 2010 that the headaches had slowly decreased to one per week, so she felt she would like to try to return to work. Dr. Diamond advised that the biggest issue with a return to work was her stress level, given that her headaches were stress-induced. Lindo was to forward to Dr. Diamond a job description so that he could limit her duties as medically necessary. However, evidence in the record shows that after December, her headache frequency increased again to at least two or more a week, and the medications she was taking made her feel foggy.

Dr. Diamond provided a letter dated September 14, 2011 stating that Lindo has migraines two to four times per week, lasting four or more hours. Her headaches cause moderate to severe throbbing pain with photophobia, phonophobia, and nausea symptoms. Dr. Diamond stated that the headaches are unpredictable, difficult to manage, and exacerbated by stress. She was on the preventive medications Zoloft, Toprol, and Triavil, and the abortive medication Orphenadrine Compound, all of which were prescribed to decrease the frequency and severity of her migraines. Side effects include drowsiness, blurred vision, hypotension, nausea, vomiting, incoordination, and disorientation. She opined that the migraine pain and

side effects of medication may limit Plaintiff's ability to concentrate and perform activities of daily living. Dr. Diamond concluded that Lindo's prognosis was unknown, and she believed she was unable to work full time.

Another letter from Dr. Diamond is dated August 21, 2012. She again asserts that Lindo's migraine attacks are unpredictable and debilitating. She states that she is still obtaining no relief from abortive medication, but she "has had some notable response to the preventative medications that are intended to reduce the severity and frequency of headaches." (R. 491.)

The ALJ determined that Dr. Diamond's opinion should not be given controlling weight because it was inconsistent with the record, specifically the notations that Plaintiff had improved with medication, and her activities of daily living which included completing nursing training and babysitting her young grandchildren. The ALJ further commented that those activities "would not be stress free." (R. 26.)

The Court finds that the ALJ failed to provide substantial evidence for his decision not to give Dr. Diamond's opinion controlling weight.[2] First, one report of improvement, in November 2010, reflected a short-lived lessening of headaches from two or more to only one per week, not complete relief of symptoms. The August 2012 statement that Lindo had a notable response to preventative medications does not establish that she was free from disabling pain. As the Vocational Expert testified, there would be no work available for a person who is unable to complete a

---

[2] His ultimate conclusion that Lindo could not work was properly rejected, as the disability determination is a matter reserved for the Commissioner. *See Denton v. Astrue*, 592 F.3d 419, 424 (7th Cir. 2010).

7

work day or work week due to disabling symptoms. Second, the ALJ relied on an incomplete accounting of Lindo's activities of daily living. Although there is evidence in the record that Plaintiff returned to school to complete her education as a certified nursing assistant, the ALJ failed to ask Plaintiff how long her training lasted or how many days per week and hours per day she attended. Without that information, the Court cannot determine whether the ALJ had a sufficient basis for finding that her schooling shows she has the capacity to sustain full-time employment. Furthermore, Plaintiff advised her physician that "she has been having a hard time concentrating at school," (R. 509), which may also suggest that she lacks the ability to work.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the issue of Plaintiff's credibility be examined in a manner wholly consistent with SSR 96-7p and governing Seventh Circuit standards, s*ee Scheck v. Barnhart*, 357 F.3d 697, 703 (7th Cir. 2004).

## CONCLUSION

For the foregoing reasons, Plaintiff Shari L. Lindo's motion for summary judgment [Doc. No. 11] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 19] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

SO ORDERED.　　　　　　　　　　　　ENTERED:

DATE:　**February 24, 2016**　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**HON. MARIA VALDEZ**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

9